**Margaret Evelyn ROBERTS, Independent Executrix of the Estate of Thelma Alice White Giles, Deceased**

v.

**UNITED STATES of America.**

No. B-75-37-CA.

United States District Court, E. D. Texas, Beaumont Division.

May 27, 1977.

See also D.C., 436 F.Supp. 553.

Tanner T. Hunt, Jr., Wells, Peyton, Duncan, Beard, Greenberg, Hunt & Crawford, Beaumont, Tex., for plaintiff.

William W. Guild, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

STEGER, District Judge.

This is a suit brought by Margaret Evelyn Roberts, the executrix of the estate of Thelma Alice White Giles, seeking the release of certain federal tax liens that were filed by the Government. According to the Plaintiff, the six year statute of limitations for filing suit to enforce the liens, Section 6205(a) of the Internal Revenue Code, expired on May 19, 1973, with no suit being filed, and the liens are now legally unenforceable.

The Government does not dispute the fact that the liens are legally unenforceable. However, the Government has filed a motion to dismiss, asserting that: (1) the Plaintiff has no standing to challenge the liens in question; (2) sovereign immunity bars this suit against the Government; (3) the Court can enter no declaratory judgment with respect to federal taxes; and (4) no suit for the purpose of restraining the assessment or collection of any tax can be maintained in Court.

The Court initially determined that the Plaintiff does have standing to bring this suit. The liens in question were filed against the name of Jerome A. Giles after Mr. Giles' death. Mr. Giles left all of his property to his wife, Thelma Giles, by his will. Thus the liens in question, at the very least, cast a cloud on the title to that property which Mrs. Giles inherited from Mr. Giles. As executrix of the estate of Mrs. Giles, the Plaintiff has standing to attempt to remove that cloud. That is what she is doing in this lawsuit.

The Court also is of the opinion that this cause of action is properly before the Court. The Court has examined all of the reasons why the case should be dismissed which the Government has asserted, and in the Court's opinion, this suit is properly before the Court under 28 U.S.C.A. 2410. *United States v. Creamer Industries, Inc.,* 349 F.2d 625 (5th Cir. 1965); *United States v. Morrison,* 247 F.2d 285 (5th Cir. 1957).

Since it is conceded by the Government in its briefs filed in this case and in the companion case to this one, *United States v. Roberts,* D.C., 436 F.Supp. 553, that the tax liens are unenforceable because the six year statute of limitations has expired, the Court holds that the liens in question are no longer a valid burden on the property, and the Court hereby orders the liens discharged.

Any finding of fact heretofore made which constitutes a conclusion of law is hereby adopted as a conclusion of law and any conclusion of law which is a finding of fact is hereby adopted as a finding of fact.